Conroe vs. Case.

---

CONROE, Appellant, vs. CASE, Respondent.

*February 26 — April 25, 1889.*

*Special verdict: Immaterial question: Agency.*

The controlling question being whether the defendant's agents had authority to bind him by notes signed in their firm name without the word "agents," it was error to submit to the jury only the question whether the defendant had told the plaintiff that they had authority to execute notes in his business.

APPEAL from the Circuit Court for *Waukesha* County.

The action is upon a promissory note for $2,000 and interest, signed, "Fish Bros. & Co.," payable to A. C. Fish or order, five years after date, which is February 5, 1879, and indorsed by the payee, December 4, 1880, to the plaintiff, who paid full value therefor. No questions are raised upon the pleadings. It is undisputed that from 1878 until December, 1880, the firm of Fish Bros. & Co. were the agents of the defendant in the business of manufacturing and selling wagons, etc., at Racine, and were duly authorized by the defendant to purchase goods, borrow money, incur indebtedness, and give promissory notes, drafts, and checks in said business in the name of "Fish Bros. & Co., Agents;" that they transacted such business and gave large numbers of such papers in the business of the agency with the knowledge and approval of the defendant; and that the firm had no other business except that of such agency. It, is claimed by the plaintiff, and she gave evidence on the trial tending to prove, that such firm, during that time, was also authorized by the defendant to give such evidences of debt in the name of "Fish Bros. & Co.," omitting the designation of "Agents." It is admitted by the defendant that they were so authorized to give drafts and checks in that manner, but he gave evidence on the trial tending to show that such authority did not include promissory notes.

On the trial the plaintiff introduced testimony tending to show that her agent, H. B. Monroe, who purchased the note in suit for her, theretofore inquired of the defendant whether he was liable upon paper (including notes) so given and signed by Fish Bros. & Co. without the designation of "Agents" to such signatures; that the defendant replied he was so liable; and that the agent purchased the note in suit on the faith of such representation. The defendant in his testimony denied that notes were specified

in such conversation, and testified that his acknowledgment of liability was limited to drafts and checks.

It is undisputed that the plaintiff purchased the note in suit without actual notice of any defense thereto or defect therein; and also that the note was not given on account of the defendant, or in the business of the agency of Fish Bros. & Co.

At the close of the trial the plaintiff demanded a special verdict, and each party requested the court to submit certain questions of fact to the jury. The court declined to do so, and submitted but one question, which is as follows: "Did defendant ever inform Mr. Monroe that he had given Fish Bros. & Co. authority to execute notes in his business?" which question the jury answered in the negative. There is no general verdict. Upon such special verdict the court gave judgment for the defendant, after overruling a motion for a new trial. The plaintiff appeals from the judgment.

For the appellant there was a brief by *Dodge & Fish*, attorneys, and *John T. Fish*, of counsel, and oral argument by *J. E. Dodge*.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. C. Winkler*.

The following opinion was filed March 12, 1889:

Lyon, J. Aside from the question whether there was sufficient upon the face of the note in suit to put the plaintiff upon inquiry to ascertain if it was given in the course of the business of the agency for the defendant of Fish Bros. & Co. (a question not here decided), the controlling question in the case is, Did that firm have authority to bind the defendant by notes signed "Fish Bros. & Co.," without the addition of the word "Agents?" Upon this question the testimony is conflicting, and doubtless would sup-

port a verdict resolving it either in the affirmative or negative. This important question was not submitted to the jury, and is still undetermined. The jury only found that the defendant did not tell Mr. Monroe that Fish Bros. & Co. had authority to execute notes in his business. Perhaps the finding is correct, and yet the fact remains undisputed that the firm had such authority, which was known to Mr. Monroe, the plaintiff's agent. The finding does not settle the vital question as to the authority of the firm to bind the defendant by notes signed in the firm name alone, omitting such designation. It is perfectly obvious, therefore, that the verdict settles nothing, and the judgment founded upon it alone cannot be upheld.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.

The respondent moved for a rehearing, for the purpose of obtaining a decision of the question whether or not " there was sufficient upon the face of the note to put the plaintiff upon inquiry to ascertain if it was given in the course of the business of the agency for the defendant of Fish Bros. & Co." It was urged, in support of the motion, that this question was purely one of law upon admitted facts, and that an affirmative answer to it would dispose of the whole case and render a new trial unnecessary.

The motion was denied April 25, 1889.